UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO. 23-11716-GAO |
| | ) | |
| JOHN DOE, subscriber assigned | ) | |
| IP Address 98.110.161.252, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF DECISION AND ORDER ON MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

August 18, 2023

DEIN, U.S.M.J.

### I.  INTRODUCTION

Plaintiff Strike 3 Holdings, LLC ("Strike 3") has filed a "Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference" (Docket No. 6) ("Motion").  The Motion is supported by a "Memorandum of Points and Authorities in Support of Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference" (Docket No. 7) ("Mem."), as well as the Declaration of David Williamson (Docket No. 7-1), the Declaration of Patrick Paige (Docket No. 7-2) and the Declaration of Susan B. Stalzer (Docket No. 7-3).  For the reasons detailed herein, the Motion is ALLOWED.  Strike 3 may serve the requested third-party subpoena, along with the Protective Order entered herewith (Docket No. 9-1), in accordance with the terms of this Order.

## II.  STATEMENT OF FACTS

As alleged in the Complaint (Docket No. 1) ("Compl."), Strike 3 is the owner of a number

of adult motion pictures which are registered with the United States Copyright Office.  (Compl.

¶¶ 2, 42, 45 & Exhibit A).  Strike 3 alleges that the defendant, whose identity is presently

unknown to Strike 3, infringed on Strike 3's copyrights by downloading and distributing 26 of

Strike 3's motion pictures without consent.  (Compl. ¶¶ 4, 42-43).  Using its proprietary

software VXN Scan, Strike 3 determined that a subscriber assigned the defendant's IP address

had used the file distribution system known as BitTorrent to illegally download and distribute

the copyrighted movies.  (E.g., id. ¶¶ 12, 17, 27-29).  Using geolocation technology, Strike 3

traced the defendant's IP address to a physical address in Massachusetts.  (Id. ¶ 9).

This is one of many cases brought by Strike 3 in this jurisdiction and elsewhere to

enforce its copyrights.  Strike 3 commenced this action on July 28, 2023, alleging one count of

direct copyright infringement against the defendant.  (Id. ¶¶ 47-52).  It filed the instant Motion

on August 10, 2023, seeking leave to file a subpoena to obtain the true name and address of

the defendant in order to be able to proceed to enforce its copyrights.  The Motion was

referred to this session on August 16, 2023.  (Docket No. 8).  In its Memorandum, Strike 3

acknowledged that a number of courts have entered protective orders to ensure that

defendants can proceed with the litigation anonymously, and invited this Court to do the same.

(Mem. at 9).  This Court has entered such a Protective Order on this date.  (Docket No. 9).

## III.  ANALYSIS

Fed. R. Civ. P. 26(d) provides that "[a] party may not seek discovery from any source

before the parties have conferred as required by Rule 26(f), except . . . when authorized by

2

these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1).  While the First Circuit

has not addressed the appropriate standard to apply, courts in this jurisdiction and elsewhere

have allowed discovery to identify an unknown John Doe defendant upon a showing of "good

cause."  See Strike 3 Holdings, Inc. v. Doe, 621 F. Supp. 3d 145, 149 (D. Mass. 2022) (and cases

cited).  Here, Strike 3 has submitted evidence that the John Doe defendant has downloaded and

distributed one or more files containing Strike 3's copyrighted materials without consent, and

that Strike 3 is not able to obtain the defendant's name and address without obtaining such

information from defendant's Internet Service Provider ("ISP"), Verizon Fios.  This Court agrees

with the various other courts that have concluded that the evidence submitted by Strike 3 is

sufficient to establish good cause for it to serve a third-party subpoena on the ISP to obtain a

defendant's name and address.  See, e.g., id. at 151-52; Strike 3 Holdings, Inc. v. John Doe,

Subscriber Assigned IP Address 146.115.160.240, -- F. Supp. 3d --, No. 22-cv-11756-DLC, 2022

WL 18027563 (D. Mass. Dec. 30, 2022) (and cases cited); Strike 3 Holdings, LLC v. John Doe,

subscriber assigned IP address 66.31.173.8, No. 1:23-cv-10100-JCB, 2023 WL 2988744 (D. Mass.

Feb. 21, 2023) (and cases cited); Strike 3 Holdings, Inc. v. John Doe Subscriber Assigned IP

Address 146.115.69.40, No. 23-cv-10401-NMG, 2023 WL 3212763 (D. Mass. May 2, 2023) (and

cases cited).  Therefore, the Motion is ALLOWED.

## ORDER

1.  Strike 3 may serve Verizon Fios (the ISP) with a third-party subpoena, pursuant to

Rule 45 of the Federal Rules of Civil Procedure, requiring Verizon Fios to disclose only the name

and address of the subscriber associated with IP address 98.110.161.252.  The subpoena shall

include as attachments a copy of this Order, and this Court's Protective Order.

2.  If the ISP files an objection or moves to quash the subpoena, or files any other

documents in this case, such filing should identify the defendant only by its IP address or the

John Doe pseudonym pending further court order.

3.  If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5),[1] it shall

comply with 47 U.S.C. § 551(c)(2)(B)[2] by sending a copy of this Order and this Court's Protective

Order to the defendant.

4.  The internet subscriber shall have 30 days from the date of service of a copy of the

subpoena upon it to file any motion with the Court to contest the subpoena.  The ISP shall not

produce any subpoenaed information to Strike 3 during this period.

5.  If this 30-day period lapses without the internet subscriber filing a motion to contest

the subpoena, the ISP shall produce to Strike 3 all information necessary to comply with the

subpoena within 10 days thereafter.

6.  If any motion is filed to contest the subpoena, the ISP shall not produce any

subpoenaed information to Strike 3 until the Court has resolved the motion and has ordered

---

[1] 47 U.S.C. § 522(5) defines "cable operator" to mean "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system[.]"

[2] 47 U.S.C. § 551(c)(2)(B) provides that "[a] cable operator may disclose such [personal identifying] information if the disclosure is . . .  made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[.]"

the ISP to disclose the information.  The ISP shall preserve any subpoenaed information

pending resolution of any motion to contest the subpoena.

      7.  Plaintiff may only use the information disclosed in response to the Rule 45 subpoena

served on the ISP in connection with enforcing Strike 3's copyrights, as set forth in the

Complaint.

      SO ORDERED.

                          / s / Judith Gail Dein

                          Judith Gail Dein
                          United States Magistrate Judge